AUGUSTUS REGNER, an Infant, by WILLIAM REGNER, his Guardian ad litem, Respondent, *v.* THE GLENS FALLS, SANDY HILL AND FORT EDWARD STREET RAILROAD COMPANY, Appellant.

*Street railroad — ejectment from a car — rule against carrying intoxicated persons — disease resembling intoxication — amount of damages — evidence.*

A rule of a street railroad company, requiring conductors not to allow intoxicated persons to ride on the cars, affords no protection to the company for the forcible ejectment from its car of a person not disorderly or intoxicated but afflicted with a disease (St. Vitus' dance) which produces involuntary motions resembling the movements of an intoxicated person.

A railroad company applies such a rule at its peril.  It is within the power of the conductor to ascertain the real cause of the passenger's appearance, and if he errs the company is answerable for his mistake.

When, on the trial of an action brought to recover damages from a railroad company for the alleged wrongful removal of the plaintiff from a car, one of the questions for the jury is as to the degree of force used by the defendant's conductor, testimony by the conductor as a witness for the defendant, as to whether or not he used more force than was necessary, is properly excluded.

Nor is it error in such a case to exclude proof of a rule requiring conductors to remove intoxicated persons from the company's cars, where there is no proof that the plaintiff was intoxicated.

A verdict of $400 damages for the unlawful forcible removal of a passenger from a street car, *held*, not to be so large as to evince prejudice, passion or corruption on the part of the jury, and, therefore, not to call for a reversal of the judgment entered thereon on the ground of excessive damages.

APPEAL by the defendant, The Glens Falls, Sandy Hill and Fort Edward Street Railroad Company, from a judgment of the County Court of Washington county in favor of the plaintiff, entered in the office of the clerk of Washington county on the 28th day of October, 1892, upon the verdict of a jury, and also from an order denying the defendant's motion for a new trial.

The plaintiff, who was removed from one of the defendant's cars, was between twenty and twenty-one years of age at the time of the occurrence in suit and of the commencement of the action.

*G. M. Ingalsbe* and *A. D. Wait*, for the appellant.

*A. V. Pratt* and *J. M. Whitman*, for the respondent.

MAYHAM, P. J. :

This is an appeal from an order denying a motion for a new trial on the minutes, and from a judgment rendered on the verdict of a jury.

The action was brought to recover damages for an alleged wrongful removal of the plaintiff from one of defendant's horse railroad street cars by the conductor.

The plaintiff recovered a verdict for $400, and the defendant seeks to reverse the judgment on the ground that the damages are excessive, and for alleged errors of the judge on the trial. The evidence discloses the fact that while one of defendant's cars was on its way from Glens Falls to Fort Edward, the plaintiff boarded the car against the objection of the conductor, and was forcibly removed and ejected therefrom by the conductor.

There is a conflict in the evidence as to the manner in which the force was applied and the amount of force used, the plaintiff testifying that the conductor seized him by the throat and injured him so that his throat was made sore. The evidence of the manner in which the conductor took hold of plaintiff was in part corroborated by the plaintiff's witnesses. The conductor denies that he seized the plaintiff by the throat, but all the evidence concurs in establishing the forcible ejectment from the car. The evidence tends to prove that the conductor stated that he ejected plaintiff from the car because from his appearance he believed him to be intoxicated. The proof, however, shows that the plaintiff was not intoxicated, but was afflicted with St. Vitus' dance, which produced involuntary motions in the plaintiff somewhat resembling the movements of an intoxicated person.

The plaintiff made no disturbance and said nothing while on the car. The defendant offered in evidence a rule of the defendant requiring conductors not to allow intoxicated or filthy persons to ride on their cars.

This rule was objected to by the plaintiff and excluded by the court under the defendant's exceptions. It is urged by the appellant that the exclusion of this rule was error. It is true that the law authorizes railroad companies to make and promulgate reasonable rules for the government of the conduct of their employees, but it is difficult to see how the introduction of this rule could aid

the defendants, as the proof does not bring the defendant within the operation of such rule, as there is no pretense that the plaintiff was intoxicated, and the rule would afford no protection to the defendant for excluding from its car an unfortunate person suffering from a disease not embraced within the letter or spirit of the rule.

The defendant judged at its peril as to the application of such a rule in a given case, and if it erred it would be answerable for its mistakes or that of its servants acting under its authority. It was within the power of the conductor to have ascertained the real cause of the plaintiff's appearance and thus to have avoided the mistake, if mistake it was. One of the questions for the jury to determine was as to the degree of force used by the conductor in ejecting the plaintiff from the car, and while it was competent to prove what was in fact done, it was not error to exclude the evidence offered by the defendant, of the conductor, as to whether or not he used more force than was necessary. That was for the jury to determine from the facts proved. We see no errors in the rulings of the judge in admitting or rejecting evidence, or in his charge.

Nor can we say that the verdict in this case is so large as to evince prejudice, passion or corruption on the part of the jury. They heard the conflict in the testimony as to the manner in which the plaintiff was removed from the car, the language used by the conductor, and the alleged injury suffered by the plaintiff, and they were the proper judges of the truth of the respective stories, and had a right to believe the plaintiff's version if it commended itself to their judgment as true.

The judgment and order should be affirmed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Judgment and order affirmed, with costs.